IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL LEON HALEY, SR.       :       CIVIL ACTION
: 
v.       :       No. 10-5061
: 
DEBRA SAUERS, Superintendent, SCI    :
Forest, et al.

## ORDER

AND NOW, this 10th day of January 2013, upon careful and independent consideration of Petitioner Michael Leon Haley, Sr.'s pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge and Haley's objections thereto, it is ORDERED:

1. Haley's objections to the Report and Recommendation are OVERRULED[1];

---

[1] Judge Strawbridge issued a thorough and extensive Report and Recommendation on Haley's habeas corpus petition. After carefully reviewing the issues raised in Haley's petition and his objections, the Court finds there is one issue raised by Haley's "Supplement to His Petition for Writ of Habeas Corpus," ECF No. 7, that is not addressed in the Report and Recommendation. Haley argues his counsel was ineffective in failing to seek an alibi jury instruction and/or to challenge the trial court's denial of such an instruction. To demonstrate ineffectiveness of counsel, a defendant must show (1) counsel's performance was so deficient that it fell below "an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced him in that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Haley argues there is a reasonable possibility his attorney's failure to pursue the alibi jury charge contributed to his conviction. The Court finds it is not the case that but for counsel's failure to seek an alibi instruction and/or challenge the trial court's denial of this instruction, there would have been a different verdict. Haley quotes the trial transcript where the court provided an instruction that the Government had to prove beyond a reasonable doubt that Haley was guilty. The Court finds this instruction eliminated any prejudice that may have arisen from the lack of an alibi instruction.

    In his objections, Haley also argues for the first time his counsel should have called Alex Harper, a potential witness who could have refuted evidence at trial involving the operation Haley's car windows. As this issue was not raised before the Magistrate Judge, this objection is overruled. *See* Local R. Civ. P. 72.1, IV(c) ("All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not

    2.    The Report and Recommendation (Document 17) is APPROVED and ADOPTED;

    3.    The petition for writ of habeas corpus is DENIED;

    4.    Haley's request for an evidentiary hearing is DENIED;

    5.    There is no probable cause to issue a certificate of appealiability; and,

    6.    The Clerk of Court shall mark this case CLOSED.

BY THE COURT:

    /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."). Furthermore, the interest of justice does not require consideration of this issue.

    Other than the two issues briefly addressed above, Haley's 57 pages of objections rehash several of the same arguments Judge Strawbridge considered and properly addressed in his Report and Recommendation. Because this Court agrees with Judge Strawbridge's conclusions, Haley's remaining objections are overruled.